UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION
FILED
DEC 0 9 2019
STEPHANIE J. BUTLER, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF NC

Fill in this information to identify your case:

Debtor 1: Tresia Ann Treloar
(First Name) (Middle Name) (Last Name)

Debtor 2: _____
(Spouse, if filing) (First Name) (Middle Name) (Last Name)

Case Number: 19-04512-5-DMW
(If known)

☒ Check if this is an amended plan and list below the sections of the plan that have changed.

1.2, Part 2,
3.4, 3.5, 4.2
5.2

**CHAPTER 13 PLAN**

### Part 1: Notices

**Definitions:** Definitions of several terms used in this Plan appear online at https://www.nceb.uscourts.gov/local-forms under the heading "Chapter 13 Plan Definitions." These definitions also are published in the Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina.

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed. You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the United States Bankruptcy Court for the Eastern District of North Carolina ("Court"). **The Court may confirm this plan without further notice if no objection to confirmation is filed.** In addition, you may need to file a timely proof of claim in order to be paid under any confirmed plan.

Only allowed claims will receive a distribution from the Trustee, and all payments made to creditors by the Trustee shall be made in accordance with the Trustee's customary distribution process. When required, pre-confirmation adequate protection payments shall be paid in accordance with Local Rule 3070-1(c). Unless otherwise ordered by the Court, creditors not entitled to adequate protection payment will receive no disbursements from the Trustee until after the plan is confirmed.

The following matters may be of particular importance to you. **_Debtor(s) must check one box on each line of §§ 1.1, 1.2, and 1.3 below, to state whether or not the plan includes provisions related to each item listed._** If an item is checked "Not Included," or if neither box is checked, or if both boxes are checked, the provision will not be effective, even if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment at all. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☒ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☒ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1** The Debtor(s) shall make regular payments to the Trustee as follows:
$496.50 per month for 36 months
[followed by $ 0 per month for 0 months.] *(Insert additional lines if needed.)*

**2.2 Additional payments.** *(Check one.)*
☒ **None.** *(If "None" is checked, the rest of this section need not be completed or reproduced).*

☐ The Debtor(s) will make additional payment(s) to the Trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment. *(Insert additional rows, if needed.)*

_____

**2.3** The total amount of estimated payments to the Trustee is $ 17,874.00 .

**2.4 Adjustments to the Payment Schedule/Base Plan** *(Check one).*

☐ None.

☒ Confirmation of this plan shall **not** prevent an adjustment to the plan payment schedule or plan base. The Trustee or the Debtor(s) may seek to modify the plan payment schedule and/or plan base within 60 days after the governmental bar date to accommodate secured or priority claims treated in Parts 3 or 4 of this Plan. This provision shall not preclude the Debtor or the Trustee from opposing modification after confirmation on any other basis.

**2.5 Applicable Commitment Period, Projected Disposable Income, and "Liquidation Test."**

The Applicable Commitment Period of the Debtor(s) is 36 months, and the projected disposable income of the Debtor(s), as referred to in 11 U.S.C. § 1325(b)(1)(B), is $ 496.50 per month. The chapter 7 "liquidation value" of the estate of the Debtor(s), as referenced in 11 U.S.C. § 1325(a)(4), refers to the amount that is estimated to be paid to holders of non-priority unsecured claims. In this case, this amount is $ 0 .

| Part 3: | Treatment of Secured Claims |

**3.1 Lien Retention.**
The holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:
  (a) payment of the underlying debt determined under nonbankruptcy law, or
  (b) discharge of the Debtor(s) under 11 U.S.C. § 1328.

**3.2 Maintenance of Payments and Cure of Default (if any)** *(Check one.)*
  ☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

  ☐ The current contractual installment payments will be maintained on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Trustee ("Conduit") or directly by the Debtor(s), as specified below. Any arrearage listed for a claim below will be paid in full through disbursements by the Trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a timely filed proof of claim, the amounts stated below are controlling as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the Court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be paid by the plan.

| Creditor Name | Collateral | Current Installment Payment (including escrow) | Arrears Owed (if any) | Interest Rate on Arrearage (if applicable) |
|---|---|---|---|---|
| | | $_____ <br> To be disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $ | % |

*Insert additional claims, as needed.*

  ☐ **Other.** *(Check all that apply and explain.)* The Debtor(s):

  (a) ☐ do intend to seek a mortgage modification with respect to the following loan(s) listed above:
  _____

  (b) ☐ do not intend to seek mortgage loan modification of any of the mortgage loans listed above;

  (c) ☐ intend to:_____.

**3.3** **Request for Valuation of Security and Modification of Undersecured Claims.** *(Check one.)*

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

*The remainder of this paragraph will be effective <u>only</u> if there is a check in the box "Included" in Part 1, § 1.1, of this plan, above.*

*Requests for Valuation of Collateral and Modification of Undersecured Claims for Real Estate may not be accomplished in this district in the absence of the filing and proper service of a motion and notice of motion specifically seeking such relief and giving the affected creditor the opportunity to object to the motion and request a hearing. Note that a separate motion must be brought if the collateral is real estate, but not if the collateral is personal property.*

☐ The Debtor(s) request that the Court determine the value of the collateral securing each of the claims listed below. For each non-governmental secured claim listed below, the Debtor(s) propose to treat each claim as secured in the amount set out in the column headed *"Amount of Secured Claim."* For secured claims of governmental units, unless otherwise ordered by the Court, the value of the collateral listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary valuation amount listed below. For each listed claim, the amount of the secured claim will be amortized and paid with interest at the stated rate over the life of the plan. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's entire claim will be treated as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on its proof of claim controls over any contrary amount listed in this paragraph. Secured creditors entitled to pre-confirmation adequate protection payments will receive the same pursuant to E.D.N.C. LBR 3070-1(c).

| Creditor Name | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate |
|---|---|---|---|---|---|---|
| | $ | | $ | $ | $ | % |

*Insert additional claims, as needed*

**3.4** **Claims Excluded from 11 U.S.C. § 506(a).** *(Check one.)*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

The claims listed below:
(1) were incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s) ("910 Claims"),
(2) were incurred within 1 year of the petition date and are secured by a purchase money security interest in any other thing of value ("1-Year Claims"), or
(3) are debts the Debtor(s) otherwise propose to pay in full ("Other Claims").

These claims will be paid in full by the Trustee, with interest at the rate stated below. Unless otherwise ordered by the Court, the amount of the creditor's claim listed on its proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary claim amount listed below. In the absence of a timely filed proof of claim, the claim amount stated below is controlling.

Secured creditors entitled to pre-confirmation adequate protection payments will receive the same pursuant to
E.D.N.C. LBR 3070-1(c).

| Creditor Name | Collateral (if any) | Amount of Claim | Interest Rate | Basis (910 Claim/1-Year Claim/Other Claim) |
|---|---|---|---|---|
| See attached | | $ | % | |
| | | $ | % | |

*Insert additional claims, as needed.*

3.5 **Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests.** *(Check one.)*
☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**The remainder of this Section 3.5 will be effective only if there is a check in the box "Included" in Part 1, § 1.2, of this plan, above.**

☒ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the Debtor(s) would have been entitled under 11 U.S.C. § 522(b), and the Debtor(s) intend to avoid these liens, in whole or in part. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full with interest at the *Till* rate to the extent allowed as a secured claim. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim under Part 5 of this plan to the extent allowed.

Procedure to be used for lien avoidance: Lien avoidance as described in this section may not be accomplished in this district in the absence of the filing and proper service of a motion and notice of motion specifically seeking such relief and giving the affected creditor the opportunity to object to the motion and request a hearing.

| Creditor Name | Property Subject to Lien | Type of Lien ("Judicial" or "NPMSI") | Total Claim Amount | Secured Claim | Unsecured Claim |
|---|---|---|---|---|---|
| Auto Money of Dillon | Ford F-150 | NPMSI | $9,500 | $5,600 | $3,900 |
| | | | $ | $ | $ |

*Insert additional claims, as needed.*

**3.6** **Surrender of Collateral.** *(Check one.)*
☒ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

☐ The Debtor(s) will surrender the collateral listed below that secures the creditor's claim. Upon confirmation of the plan, the automatic stay of 11 U.S.C. § 362(a) shall terminate as to the surrendered collateral and any co-debtor stay of 11 U.S.C. § 1301 shall terminate in all respects. No claim for a deficiency remaining due after the disposition of surrendered collateral will be allowed or paid unless the creditor timely files a proof of claim and, within 180 days after confirmation of the plan, amends the claim as necessary to show the remaining unsecured deficiency after the disposition of the surrendered collateral. Absent such timely filing and amendment of a claim, or an order by the Court extending the 180-day filing deadline, the surrender of the collateral shall be deemed in full satisfaction of the Debtor's contractual obligation to the creditor.

| Creditor Name | Collateral |
|---|---|
|  |  |
|  |  |

*Insert lines for additional creditors and collateral, as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1** **General Treatment:** Unless otherwise indicated in this Part or in **Part 8, Nonstandard Plan Provisions**, the Trustee's fees and all allowed priority claims, will be paid in full without interest through Trustee disbursements under the plan.

**4.2** **Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be 8% of amounts disbursed by the Trustee under the plan and are estimated to total $ 1,429.92

**4.3** **Debtor(s)' Attorney's Fees.** *(Check below, as appropriate.)*
  ☐ Debtor(s)' attorney has agreed to accept as a base fee $_____, of which $_____ was paid prior to filing. The Debtor(s)' attorney requests that the balance of $_____ be paid through the plan.
  ☐ The Debtor(s)' attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $_____, of which $_____ was paid prior to filing. The Debtor(s)' attorney requests that the estimated balance of $_ be paid through the plan.

**4.4** **Domestic Support Obligations ("DSO's").** *(Check all that apply.)*
☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ All DSOs coming due post-petition will be paid directly by the Debtor(s) to the holder of the claim, and wage garnishment may be utilized. The name and address of the holder of any DSO as defined in 11 U.S.C. § 101(14A) is as follows:

| Name of DSO Claimant | Address, City, State |
|---|---|
|  |  |

☐ The following pre-petition arrearages owed to DSO claimants will be paid in full either by the Trustee under the confirmed Plan OR directly by the Debtor(s) and wage garnishment may be utilized:

| Creditor Name | Amount of Claim | If Joint Case, Owed by Debtor 1 or Debtor 2 | To be Paid by Trustee or Debtor(s) |
|---|---|---|---|
| | $ | | |

☐ The following pre-petition arrearages owed for DSO's have been assigned or are owed to a governmental unit. The Debtor(s) have proposed a 60 month plan, and propose to pay less than the full amount of the claim pursuant to 11 U.S.C. § 1322(a)(4).

| Creditor Name | Amount of Claim to be paid through the Plan | If Joint Case, Owed by Debtor 1 or Debtor 2 |
|---|---|---|
| | $ | |

☐ DSO claims will be treated as set forth in Part 8, Nonstandard Plan Provisions.

### 4.5 Priority Claims Other than Attorney's Fees and Those Treated in Section 4.4

☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ Section 507(a) priority claims, other than attorney's fees and domestic support obligations are estimated to be as follows:

| Creditor Name | Claim For: | Estimated Claim Amount |
|---|---|---|
| | | $ |

## Part 5: Unsecured Non-priority Claims

**5.1 General Treatment.** After confirmation of a plan, holders of allowed, non-priority unsecured claims that are not specially classified in § 5.2 below, will receive a *pro rata* distribution with other holders of allowed, non-priority unsecured claims from the higher of either the disposable income of the Debtor(s) over the applicable commitment period or liquidation test (see paragraph 2.5). Payments will commence after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees.

Except as may be required by the "disposable income" or "liquidation" tests, or as may otherwise be specifically set forth in this Plan, <u>no specific distribution</u> to general unsecured creditors is guaranteed under this Plan, and the distribution to such creditors may change depending on the valuation of secured claims (including arrears) and/or the amounts which will be paid to holders of priority unsecured claims under this Plan, both of which may differ from the treatment set forth in Parts 3 and 4 of this Plan based on claims filed by secured and priority creditors, or based on further orders of the Court.

**5.2 Co-Debtor and Other Specially Classified Unsecured Claims.** *(Check one.)*

☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed or reproduced.*

☒ The non-priority unsecured claims listed below are separately classified and, to the extent allowed, will be treated as follows, *provided* the basis for separate classification is specifically stated; *if no basis is stated, then such claim will be deemed treated as an unsecured non-priority claim under § 5.1 above*.

| Creditor Name | Basis for Separate Classification and Treatment | Amount to be Paid on the Claim | Int. (%) (If applicable) |
|---|---|---|---|
| See attached | | $ | % |

*Insert additional claims or explanation, as needed.*

| Part 6 | Executory Contracts and Unexpired Leases |
|---|---|

6.1 The executory contracts and unexpired leases listed below are to be treated as specified. All other executory contracts and unexpired leases are rejected. Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 5 of this Plan, unless otherwise ordered by the Court. (*Check one.*)

☒ **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*
☐ The executory contracts and unexpired leases listed below will be assumed ("A") or rejected ("R"), as specified below.

If assumed, post-petition installment payments on the claims listed below will be paid directly by the Debtor(s) according to the terms of the underlying contract. Any pre-petition arrears listed on an assumed executory contract/unexpired lease will be cured by payments disbursed by the trustee over the "Term of Cure" indicated, with interest (if any) at the rate stated.

| Lessor/Creditor Name | Subject of Lease/Contract | A or R | Pre-petition Arrears to be Cured (if any) | Interest Rate On Arrears | Term of Cure (# of mos.) | Current Monthly Payment | Contract or Lease Ends (mm/yyyy) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | $ | | | $ | |

*Insert additional leases or contracts, as needed.*

| Part 7: | Miscellaneous Provisions |
|---|---|

**7.1 Vesting of Property of the Bankruptcy Estate:** *(Check one.)*
Property of the estate will vest in the Debtor(s) upon:
☒ plan confirmation.
☐ discharge.
☐ other:_____.

**7.2 Possession and Use of Property of the Bankruptcy Estate:** Except as otherwise provided or ordered by the Court, regardless of when property of the estate vests in the Debtor(s), property not surrendered or delivered to the Trustee (such as payments made to the Trustee under the Plan) shall remain in the possession and control of the Debtor(s), and the Trustee shall have no liability arising out of, from, or related to such property or its retention or use by the Debtor(s). The use of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**7.3 Rights of the Debtor(s) and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor(s) or Trustee to object to any claim.

**7.4 Rights of the Debtor(s) and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

| Part 8: | NonstandardPlan Provisions |

**8.1 Check "None" or List Nonstandard Plan Provisions.**
☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*The remainder of this Part 8 will be effective only if there is a check in the box "Included" in Part 1, § 1.3, of this plan, above.*

*Under Bankruptcy Rule 3015(c), nonstandard plan provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this E.D.N.C. Local Form or deviating from it. **Nonstandard provisions set out elsewhere in this plan are ineffective.** The following are the nonstandard provisions of this plan:*

_____

_____

*Insert additional lines, as needed.*

*No additional plan provisions may follow this line or precede Part 9: Signature(s), which follows.*

| Part 9: | Signatures |

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s)' signature(s) are optional. The attorney for the Debtor(s), if any, must sign below.

X _[signature]_      X _____
Signature of Debtor 1      Signature of Debtor 2
Executed on: 12/6/2019      Executed on: _____
MM / DD / YYYY      MM / DD / YYYY

By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

X _____      Date: _____
Signature of Attorney for Debtor(s)      MM / DD / YYYY

If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

Tresia Treloar

Continuation Chapter 13 Plan
3.4 Claims Excluded from 11 USC Statute 506(a)

| Creditor Name | Collateral | Amount of Claim | Interest Rate | Basis (910 Claim/1-Year Claim/Other Claim) |
|---|---|---|---|---|
| American First Financial Inc | Furniture | $685.00 | 7.00% | 1 Year Claim |
| MidEast Acceptance | 2007 BMW 530XI | $4,688.07 | 7.00% | 910 Claim |
| MidEast Acceptance | 2012 Jeep Patriot | $3,396.57 | 7.00% | 910 Claim |

Tresia Treloar                                            19-04512-5-DMW

## Continuation Chapter 13 Plan
## Part 5 Unsecured Non-priority Claims

| Creditor Name | Basis for Separate Classification and Treatment | Estimated Amount of Claim | Interest |
|---|---|---|---|
| Auto Money Inc. of Dillon NC | Unsecured non-priority | $3,900.00 | 0% |
| Duke Energy c/o Bull City Financial | Unsecured non-priority | $234.41 | 0% |
| Carolina Payday Loans | Unsecured non-priority | $633.00 | 0% |
| FSNB | Unsecured non-priority | $1,238.00 | 0% |
| FSNB | Unsecured non-prority | $169.00 | 0% |
| JOEMC | Unsecured non-priority | $247.51 | 0% |
| John M. Romulus, DDS | Unsecured non-prority | $523.50 | 0% |
| National Care Credit | Unsecured non-priority | $121.00 | 0% |
| NC SECU | Unsecured non-priority | $221.00 | 0% |
| Santandar Consumer USA | Unsecured non-priority | $18,605.00 | 0% |
| Sprint | Unsecured non-priority | $1,499.65 | 0% |
| Tmobile | Unsecured non-priority | $1,194.88 | 0% |
| United Acceptance Corp | Unsecured non-priority | $3,817.00 | 0% |
| Ramona Vicosky | Unsecured non-priority | $600.00 | 0% |
| WEBBank/Fingerhut | Unsecured non-priority | $364.00 | 0% |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:  
Tresia Ann Treloar

Case No: 19-04512-5-DMW  
Chapter 13

CERTIFICATE OF SERVICE

The undersigned, of 300 Weatherford Drive, Jacksonville, North Carolina 28540, certifies:

That on today's date, I filed the foregoing AMENDED CHAPTER 13 PLAN with the Clerk of the Court and have mailed the documents to the recipients listed below by first class mail.

I certify under penalty of perjury that the foregoing is true and correct.

This the 6th day of December, 2019.

*[signature]*

Tresia Ann Treloar  
Pro-se  
300 Weatherford Drive  
Jacksonville, NC 28540

Recipients:  
Joseph A. Bledsoe, III  
Chapter 13 Trustee  
PO Box 1618  
New Bern, North Carolina 28563  
Via First Class Mail

Attached Creditor List

Creditor List:

United State Bankruptcy Court
PO Box 791
Raleigh, NC 27602

FSNB
PO Box 33009
Fort Sill, OK 73503

Kinston Auto Mart
1711 W Vernon Ave
Kinston, NC 28504

Ramona Vicosky
c/o Independence Rentals Prop Mgmt
445 Western Blvd, Ste 1
Jacksonville, NC 28546

Santander Consumer USA
PO Box 961211
Fort Worth, TX 76161

US Dept of ED GLEL SI
PO Box 7860
Madison, WI 53707

American First Finance
PO Box 565848
Dallas, TX 75356

Bull City Financial Services
2609 N Duke Street Ste 500
Durham, NC 27704

JOEMC
259 Western Blvd
Jacksonville, NC 28546-5736

National Care Credit
1499 W 121st Ave No 300
Westminster, CO 80234

NC State Employees Credit Union
Attn Loan Servicing
PO Drawer 25279
Raleigh, NC 27611

Tmobile
PO Box 742596
Cincinnati, OH 45274-2596

WEBBANK Fingerhut
6250 Ridgewood Rd
Saint Cloud, MN 56303

AutoMoney Inc Dillon No 2
2375 N HWY 301
Dillon, SC 29536

Carolina Payday Loans
401 HWY, 301 North
Dillon, SC 29536

John M. Romulus, DDA
c/o Dynamic Dental
301 Dolphin Dr No 1
Jacksonville, NC 28546

MidEast Acceptance
c/o William F. Hill, Attorney
PO Box 2517
Greenville, NC 27836

Sprint
KSOPHT0101-Z4300
63691 Sprint Parkway
Overland Park, KS 66251-4300

United Acceptance Inc
2400 Lake Park Dr SE, Ste 100
Smyrna, GA 30080