SO ORDERED.

SIGNED this 6 day of January, 2020.



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

Tresia Ann Treloar

    Debtor(s)

CASE NO: 19-04512-5-DMW

CHAPTER 13

ORDER CONDITIONALLY DENYING RELIEF FROM AUTOMATIC STAY
AND PROVIDING TERMS FOR ADEQUATE PROTECTION

THIS MATTER coming on to be heard and being heard upon the Motion for Relief From Stay or For Adequate Protection filed by Mid East Acceptance Corporation of N.C., Inc. ("Mid East") and the response thereto filed by the Debtor; and

BASED UPON the representations made by counsel for Mid East and the testimony of the Debtor, who is proceeding *Pro Se*, at the December 19, 2019 hearing at New Bern, North Carolina, the Court hereby makes the following:

FINDINGS OF FACT:

1. That the above-captioned matter is pending in the Eastern District of North Carolina, New Bern Division, and Joseph A. Bledsoe, III has been appointed as Trustee.

2. That Mid East is a duly scheduled creditor and has timely filed its Proofs of Claims which are scheduled to be paid through the Chapter 13 Plan.

3. That for valuable consideration, the Debtor executed a Note in the principal amount of Seven Thousand, Five Hundred Eighty Nine and 70/100 Dollars ($7,589.70), ("Note 1"). That there was due and owing on Note 1 the sum of Three Thousand, Three Hundred Ninety Six and 57/100 Dollars ($3,396.57) as of the date of the filing of the Petition. That as security for Note 1, Mid East was granted a purchase

money security interest in a 2012 Jeep Patriot Sport bearing VIN 1C4NJPBB9CD580257 ("Collateral 1"), perfected by recordation of a Certificate of Title. The estimated retail fair market value of Collateral 1 is Five Thousand, Nine Hundred and no/100 Dollars ($5,900.00).

4. That for valuable consideration, the Debtor executed a Note in the principal amount of Nine Thousand, Six Hundred Seventy Nine and 70/100 Dollars ($9,679.70), ("Note 2"). That there was due and owing on Note 2 the sum of Four Thousand, Six Hundred Eighty Eight and 07/100 Dollars ($4,688.07) as of the date of the filing of the Petition. That as security for Note 2, Mid East was granted a purchase money security interest in a 2007 BMW 530xi bearing VIN WBANF73587CU25041 ("Collateral 2"), perfected by recordation of a Certificate of Title. The estimated retail fair market value of Collateral 2 is Five Thousand, Five Hundred and 00/100 Dollars ($5,500.00.

5. That Mid East's claims are scheduled to be paid through the Chapter 13 Plan.

6. That, at the time of the filing of the Motion, the Debtor had not made her first payment to the Chapter 13 Trustee, was past due on her Chapter 13 Plan payments and the Chapter 13 Trustee had filed an Objection to Confirmation and Motion to Dismiss, which was pending at the time of the hearing.

7. That, subsequent to the filing of the Motion, the Debtor made a payment to the Chapter 13 Trustee, and her payments were substantively current at the time of the hearing.

8. That the Chapter 13 Trustee has sufficient funds on hand to disburse adequate protection payments on Mid East's claims in January, 2020.

9. That the Debtor lists three (3) vehicles on her Schedule A/B, Mid East's Collateral 1 and 2 and a 2010 Ford F-150 XL with a comment of "use to do yard work for clients and deliveries, etc." For the 2007 BMW 530 XI the Debtor has made a comment of "Personal; status for client rep.; needs some repairs" and for the 2012 Jeep Patriot the comment is "Daughter use to commute back and forth to school."

10. That, at the time of the filing of the Motion, the Debtor's daughter, who drives at least one of Mid East's items of Collateral, was not listed as a driver on the Debtor's insurance policy.

11. That, subsequent to the filing of the Motion, the Debtor added her daughter as a driver on the policy.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. That the Motion for Relief From Automatic Stay is denied upon the following terms and conditions of adequate protection:

a. That the Debtor shall continuously maintain her own comprehensive insurance coverage over Mid East's collateral for the remainder of her present bankruptcy, without interruption and at her own cost; and will also see that Mid East is listed as the loss payee on the policy; that the Debtor and any and all parties who drive the collateral shall be listed as drivers on the policy; and that Mid East remains informed of the presence of such coverage including the name of the carrier and agent and address(es) or telephone number(s) sufficient to allow Mid East to confirm and verify such coverage, by provision of a declarations page or equivalent information. If the Debtor's own present comprehensive coverage over Mid East's Collateral shall ever terminate during the remainder of this bankruptcy, or if the Debtor removes her daughter as a driver on the policy, then the automatic stay shall be immediately lifted to allow Mid East to foreclose its security interests in both items of Collateral in accordance with applicable law and its loan documents.

b. That the Chapter 13 Trustee is ordered to make pre- and post-confirmation payments on Mid East's claims in the amounts of at least 1% of the values of the respective Collateral pursuant to Local Rule, beginning in January, 2020 and continuing each month until regular monthly disbursements begin under any confirmed Chapter 13 Plan. Nothing herein shall prevent the Chapter 13 Trustee from disbursing more than 1% if funds are available to do so, or if the Chapter 13 Trustee determines that it is necessary to do so to ensure that the claims are paid in full over the life of the Chapter 13 Plan.

2. That if the automatic stay is dissolved for failure to comply with the terms of this Order:

a. The Debtor is ordered to immediately release both items of Collateral, a 2012 Jeep Patriot Sport bearing VIN 1C4NJPBB9CD580257 and a 2007 BMW 530xi bearing VIN WBANF73587CU25041, to Mid East Acceptance Corporation of N.C., Inc. or advise it of the location of the Collateral and the name, address, and telephone number of any third party who has possession of the Collateral.

b. That Mid East Acceptance Corporation of N.C., Inc. shall be, and hereby is, allowed a period of one hundred twenty (120) days following the sale or subsequent disposition of the collateral to file an unsecured claim in this case for any outstanding deficiency balance remaining after sale or subsequent disposition of the Collateral.

c. The Trustee shall cease making any disbursements on Mid East Acceptance Corporation of N.C., Inc.'s claims for the Collateral.

d. That the lift of stay and subsequent turnover of the collateral shall be effective immediately upon entry of the Notice of Default/Notice of Lift of

Stay pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, notwithstanding anything to the contrary in the Rules of Bankruptcy Procedure which might be applicable.

3. That time is of the essence as to each and all of the provisions of this Order.

4. That this Court shall, and hereby does, retain jurisdiction over this matter, the parties hereto, and the subject matter hereof, to the extent permitted under applicable law, for the entry of such other and further orders as are either necessary or appropriate to accomplish the foregoing.

END OF DOCUMENT